IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE NELSON, individually and as Administratrix of the Estate of DYLAN FEHLMAN, deceased,<br><br>        Plaintiff,<br><br>vs.<br><br>HONDA MOTOR CO., LTD.; AMERICAN HONDA MOTOR CO., INC.; HONDA R&D AMERICAS, INC.; HONDA R&D, LTD.,<br><br>        Defendants. | No.   1:18-cv-210 |

**COMPLAINT IN CIVIL ACTION**

Plaintiff, Jamie Nelson, individually and as Administratrix of the Estate of Dylan Fehlman, by and through her counsel, Peter D. Friday, Esquire, Jesse A, Drumm, Esquire and Friday & Cox LLC, and avers as follows:

### INTRODUCTION

1. This case involves 17 year old Dylan Fehlman (hereinafter "decedent"), who was killed when the Honda three-wheeled All-Terrain Vehicle (herein "ATV") he was operating suddenly and without warning flipped over, causing him to be thrown from the vehicle and sustain serious and fatal injuries.

2. Economic and non-economic compensatory damages are sought on account of, but not limited to, decedent's pain and suffering, his loss of life's pleasures, the loss of future income and earning capacity, medical bills, funeral expenses, and the loss to decedent's family of his companionship, comfort and services.

3. Punitive damages are sought to punish and deter defendants' outrageous behavior as more fully described herein.

4. Wrongful Death damages are sought arising out of the death of plaintiff's decedent, Dylan Fehlman.

## JURISDICTION AND VENUE

5. Plaintiff brings this action against defendants under 28 U.S.C §1332 and contends that diversity jurisdiction exists between the parties and the amount in controversy exceeds $75,000.00.

6. Venue in the Western District of Pennsylvania is properly laid pursuant to 28 U.S.C. §1391, as the event which forms the factual and legal basis of plaintiff's claims arose within the geographical limits of this District.

## PARTIES

7. Plaintiff Jamie Nelson, individually and as Administratrix of the Estate of Dylan Fehlman, was the natural mother of decedent and lives at 727 Six Mile Road, Tiona, Pennsylvania 16352, as did decedent before his death.

8. On July 26, 2017, the Department of Court Records of Warren County granted the Petition for Grant of Letters on the Estate of Dylan Fehlman to plaintiff Jamie Nelson. *See* **Exhibit A** attached.

9. Defendant Honda Motor Company, Ltd. is a Japanese corporation doing business in the Commonwealth of Pennsylvania, including Warren County, Pennsylvania, with a primary place of business at 2-1-1, Minami-Aoyama, Minato-ku, Tokyo 107-8556, Japan.

10. Defendant American Honda Motor Company, Inc. is a California corporation doing business in the Commonwealth of Pennsylvania, including Warren County, Pennsylvania, with a primary place of business at 1919 Torrance Boulevard, Torrance, California 90501.

11. Defendant Honda R&D Americas, Inc. is a California corporation doing business in the Commonwealth of Pennsylvania with a primary place of business at 1919 Harpers Way, Torrance, California 90501.

12. Defendant Honda R&D, Ltd. is a Japanese corporation doing business in the Commonwealth of Pennsylvania, including Warren County, Pennsylvania, with a primary place of business at 2-1-1, Minami-Aoyama, Minato-ku, Tokyo 107-8556, Japan.

13. Defendants Honda Motor Company, Ltd., American Honda Motor Company, Inc., Honda R&D Americas, Inc., and Honda R&D, Ltd. are herein collectively referred to as "defendants."

## FACTUAL BACKGROUND

13. In 1970 defendants introduced the three-wheeled ATV to America, and marketed it as a recreational and/or off-road family vehicle despite being aware of potentially dangerous defects with its design, construction, warnings and instructions and deliberately refused to address such defects due to cost. Such issues relating to all Honda three-wheeled vehicles include, but are not limited to:

    a) The weight distribution and center of gravity of this type of ATV are inappropriate for a machine of this configuration and use, possessing a lateral stability ratio of half the accepted value;

    b) Lack of any occupant protection systems despite the instability of the vehicle;

    c) The seat is too long, allowing operators to involuntarily change the dynamics of the machine; and

      d)      The warnings on the machine do not address the stability issues inherent in the vehicle.

14. As of July 1991, defendants' profit-driven engineering and marketing have led to more than 1,900 deaths and 593,300 injuries, with more than forty (40) percent of these crashes and deaths involving children under 16.

15. In or around September 2016, decedent's stepfather purchased a 1984 Honda ATC 200 ES "Big Red" ATV Vehicle Identification Number JH3TB055TEC388684 (herein "ATV") which was substantially and materially in the same condition as when it was designed and manufactured by defendants.

16. The subject ATV had the same unreasonably dangerous, unsafe, hazardous and defective conditions with its design, construction, warnings and instructions as all other three-wheelers designed, manufactured and sold by defendants.

17. Indeed, defendants had surreptitiously and deliberately purchased and otherwise acquired numerous Honda three-wheeler ATVs, of substantially similar design, from the marketplaces, including but not limited to North American markets of the U.S., in a conscious effort to avoid liability for crashes of the three-wheeler ATVs and maintain its "reputation" for Honda ATV "safety" and "reliability."

18. On or about February 19, 2017, decedent was operating the subject ATV, in a manner intended by defendants, northbound towards Tiona, Pennsylvania between the rails on Pittsburgh-Buffalo railroad tracks running parallel to US-6 in Sheffield, Warren County, Pennsylvania.

19. At all relevant times, decedent was operating the subject ATV in a prudent manner and for the purpose for which it was intended, designed, manufactured, marketed and sold by defendants.

20. At the aforementioned date, time and place, decedent was crossing a section of pavement perpendicular to the aforementioned railroad tracks when suddenly and without warning decedent's ATV became unstable, pitched and/or rolled, causing decedent to be thrown from the ATV and violently strike the ground and/or railroad tracks, resulting in fatal injuries.

21. As a direct and proximate result of the negligence, carelessness, recklessness and defective product of defendants, decedent sustained the following injuries, some or all of which are or may be permanent:

    a) Blunt force trauma to his body and neck;

    b) Severe pre-impact emotional trauma, nervousness and anxiety; and

    c) Death.

22. As a direct and proximate result of the above described crash, decedent suffered the following damages:

    a) He was caused great pain, suffering, mental anguish, and emotional and psychological trauma, resulting in his death;

    b) He has been and will be forever deprived of his general health, strength and vitality and will never again be able to enjoy the pleasures of life he enjoyed; and

    c) His earning capacity has been permanently impaired.

**COUNT I**
*Plaintiff vs. All Defendants*
**Survival Action – Strict Liability: Failure to Warn**

23. All preceding paragraphs are incorporated herein by reference.

24. At all relevant times, defendants represented to decedent, decedent's stepfather, decedent's mother, and to the public in general that the subject ATV was safe, free from defects and generally suitable for the purposes for which is was intended. Defendants are designers,

manufacturers, marketers and sellers in the all-terrain vehicle industry, and designed, manufactured, tested and sold the subject ATV in the regular course of their business.

25. Contrary to defendants' representations, and due to defects in its design and manufacture, the subject ATV was in a defective, hazardous, unsafe and dangerous condition, thereby making the product(s) unfit for their intended uses and unreasonably dangerous to the decedent and other users within the meaning of Section 402A of the Restatement of Torts (Second), both at the time it left the control of defendants and on the date of the aforesaid crash, in general and in the following particulars:

    a) Defendants failed to provide warnings of such risks and dangers to decedent as described herein and said risks were not known or knowable to the decedent at the time of his death;

    b) Ordinary consumers would not have recognized the potential risks and dangers the subject ATV posed because its uses were specifically promoted and endorsed as being safe for recreational or off road use, while the nature and prevalence of such risks were either downplayed or concealed from consumers by defendants;

    c) Any utility of the subject ATV was heavily outweighed by the extreme risk posed by its use in the manner intended;

    d) The subject ATV was used by decedent in the manner directed, and therefore, in such a way that was or should have been reasonably foreseeable to defendants;

    e) Defendants failed to supply plaintiff and decedent with proper warnings and instructions to ensure that incidents of roll-overs resulting in personal injury or death would not occur, and to alert users and consumers of the danger posed to users of the subject ATV; and

    f) Defendants had a subjective appreciate of the danger posed to users by the subject ATV from the products inception in 1970 yet they knowingly failed to reveal, or concealed, such dangers.

26. Defendants' knowledge of the defective design and manufacture of their ATVs, including but not limited to the subject ATV, and their failure to give adequate warnings and

instructions regarding those conditions were the proximate cause and/or a substantial factor in causing the severe injuries and death to decedent.

27.    Defendants are strictly liable to plaintiff for the severe injuries and death suffered by the decedent pursuant to Section 402A of Restatement of Torts (Second).

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants in an amount in excess of $75,000, together with court costs, interest and all other and further relief permitted by the Court.

## COUNT II
*Plaintiff vs. All Defendants*
**Survival Action – Strict Liability: Defective Design**

28.    All preceding paragraphs of this complaint are incorporated herein by reference.

29.    Contrary to defendants' representations, and due to a defect in its design, the the entire line of three-wheel ATV(s), including but not limited to the subject ATV, were in a defective, hazardous, unsafe and dangerous condition, thereby making the product(s) unfit for their intended uses and unreasonably dangerous to the decedent and other users within the meaning of Section 402A of the Restatement of Torts (Second), both at the time it left the control of defendants and on the date of the aforesaid incident, in general and in the following particulars:

   a)    The weight distribution and center of gravity of this type of ATV are inappropriate for a machine of this configuration and use, possessing a lateral stability ratio of half the accepted value;

   b)    Ordinary consumers would not have recognized the potential risks and dangers the subject ATV posed because its uses were specifically promoted and endorsed as being safe for recreational or off road use, while the nature and prevalence of such risks were either downplayed or concealed from consumers by defendants;

  c) Any utility of the subject ATV was heavily outweighed by the extreme risk posed by its use in the manner intended;

  d) Lack of any occupant protection systems despite the instability of the vehicle, the seat is too long, allowing operators to involuntarily change the dynamics of the machine; and

  e) The warnings on the machine do not address the stability issues inherent in the vehicle, decedent's subject ATV was caused to roll.

30. The aforementioned design defects are the legal and proximate cause and/or substantial factor in causing the decedent's severe injuries and death.

31. Defendants are strictly liable to the plaintiff, decedent's mother, for the injuries and death of decedent as well as the damages suffered by the plaintiff as set for above.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants damages in an amount in excess of $75,000, together with court costs, interest and all other relief permitted by the Court.

### COUNT III
*Plaintiff vs. All Defendants*
**Survival Action – Strict Liability: Manufacturing Defect**

34. All preceding paragraphs of this complaint are incorporated herein by reference.

35. Contrary to defendants' representations, and due to a defect in its manufacture, the ATV(s) were in a defective, hazardous, unsafe and dangerous condition, thereby making the product(s) unfit for their intended uses and unreasonably dangerous to the decedent and other users within the meaning of Section 402A of the Restatement of Torts (Second), both at the time it left the control of defendants and on the date of the aforesaid crash.

36. The subject ATV was manufactured defectively in that it did not comply with the (already known defective) design of the product.

37. As a direct and proximate result of the product's manufacturing defects, plaintiff and decedent were caused, and in the future will be caused, to suffer from the severe personal injuries and damages discussed herein.

38. Defendants are strictly liable to plaintiff for manufacturing, marketing, labeling, packaging and selling a defectively manufactured product.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants in an amount in excess of $75,000, together with court costs, interest and all other relief permitted by the Court.

## COUNT IV
*Plaintiff vs. All Defendants*
**Survival Action – Negligence**

39. All preceding paragraphs of this complaint are incorporated herein by reference.

40. Defendants and its representatives were manufacturers, designers, marketers, and/or distributors of the subject ATV. At all times relevant, defendants had a duty to properly manufacture, test, inspect, package, label, distribute, market, research, examine, maintain, supply, provide proper warnings for, prepare for use and sell the subject ATV.

41. Defendants so negligently and carelessly manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, marketed, researched and supplied the subject ATV, that it was dangerous and unsafe for the use and purpose for which it was intended.

42. Plaintiff's and decedent's injuries were a direct and proximate result of defendants' negligence, carelessness and recklessness with respect to the manufacture, design, warnings, instructions, marketing and sale of the subject ATV in the following particulars:

    a) In blatantly failing to use due care in manufacturing, designing, marketing and selling a defective product, specifically, but not limited to;

        i. The weight distribution and center of gravity of this type of ATV are inappropriate for a machine of this configuration and use, possessing a lateral stability ratio of half the accepted value;

        ii. Lack of any occupant protection systems despite the inherent instability of the vehicle;

        iii. The seat is too long, allowing operators to involuntarily change the dynamics of the machine; and

        iv. The warnings on the machine do not address the stability issues inherent in the vehicle.

b) In knowing of the defects, risks, problems and dangers relating to the subject ATV for years prior to decedent's death without doing anything to alleviate the danger these ATVs posed to purchasers, consumers and users such as the decedent;

c) In failing to provide an ATV whose benefits outweigh the dangers;

d) In carelessly promoting, advertising and selling to the general public, the subject ATV as "reliable" and "safe" recreational or off-road vehicle;

e) In failing to test the subject ATV and other similar ATVs' safety and reliability for off-road, recreational or general use;

f) In failing to properly warn or instruct purchasers and/or users of the product of the specific danger of roll-overs related its use;

g) In failing to adequately test, examine or inspect the subject ATV when defendants, or should have known, that death could result from roll-overs;

h) In failing to comply with all applicable industry safety standards for ATVS or recreational vehicles; and

i) In misrepresenting to plaintiff and decedent that the subject ATV was safe and could be used as a recreational or off-road vehicle.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants in an amount in excess of $75,000, together with court costs, interest and all other relief permitted by the Court.

## COUNT V
*Plaintiff vs. All Defendants*
**Survival Action – Breach of Express Warranty**

43. All preceding paragraphs of this complaint are incorporated herein by reference.

44. Defendants expressly warranted to plaintiff and the general public that the defective subject ATV was safe, non-defective, fit and proper for its intended use as an off-road and All-Terrain Vehicle.

45. Plaintiff and decedent reasonably relied upon the skill and judgment of defendants and upon said express warranty, in using the aforesaid product. Defendants' warranty and representations were untrue in that the product caused plaintiff's decedent to die from a sudden loss of stability and rollover while operating the subject ATV in its intended manner, and was therefore unsafe, hazardous and unsuited for the use for which it was intended and marketed.

46. Defendants had ample and sufficient notice of the breach of said warranty, as soon as the true nature of the product, and the fact that the warranty and representations were false, were ascertained – all of which occurred long before decedent's use of the product.

47. As a result of defendants' breach of express warranty, plaintiff and decedent have sustained injuries and damages as described herein, and are therefore entitled to compensatory damages.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of $75,000, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT VI
*Plaintiff vs. All Defendants*
**Survival Action – Breach of Implied Warranties**

48. All preceding paragraphs of this complaint are incorporated herein by reference.

49. Defendants distributed and sold the subject ATV, and were, with respect to that product, a merchant within the meaning of Article 2 of the Pennsylvania Uniform Commercial Code.

50. Defendants impliedly warranted that the subject ATV, which they promoted, distributed and sold to plaintiff, was merchantable, fit and safe for ordinary use as an All-Terrain Vehicle.

51. Defendants further impliedly warranted that the subject ATV was safe for use as an All-Terrain Vehicle.

52. In purchasing the subject ATV, plaintiff relied upon the judgment of defendants that it was merchantable and fit for its intended purpose.

53. Defendants' subject ATV was defective, unmerchantable, and unfit for ordinary use when sold, and unfit for the particular purpose for which it was sold, and caused decedent to die from a rollover, resulting in injuries and damages to decedent and plaintiff.

54. Therefore, defendants breached the implied warranties of merchantability and fitness for a particular purpose when their ATV was sold to plaintiff, in that the product was defective and caused decedent to die from a rollover and otherwise failed to function as represented and intended.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of $75,000, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT VII**
*Plaintiff vs. All Defendants*
**Survival Action – Fraud by Concealment**

55. All preceding paragraphs of this complaint are incorporated herein by reference.

56. At all times relevant, defendants had the duty and obligation to disclose to decedent and plaintiff the true facts concerning the subject ATV; namely, that said product was dangerous and defective, lacking efficacy for its purported use and lacking safety in normal use, and how likely it was to cause serious consequences to users, including death. Defendants made affirmative representations as set forth above to decedent and plaintiff prior to the date plaintiff purchased the product, while concealing material facts.

57. At all times relevant, defendants willfully and maliciously concealed facts, as set forth above, from decedent and plaintiff, with the intent to defraud as herein alleged.

58. At all times relevant, plaintiff and decedent were unaware of the facts set forth above, concerning the dangerous, hazardous and defective nature of the subject ATV, and had they been aware of said facts, they would not have acted as they did; namely, they would not have reasonably relied upon said representations of safety and efficacy and utilized the subject ATV. Defendants' representations were a substantial factor in decedent utilizing the subject ATV.

59. As a result of the concealment of the facts set forth above, plaintiff and decedent sustained injuries and damages as described herein.

60. Defendants acted with oppression, fraud and malice, and plaintiff is therefore entitled to punitive damages in an amount reasonably related to plaintiff's and decedent's actual damages, and to defendants' wealth, and sufficiently large to be an example to others, and to deter defendants and others from engaging in similar conduct in the future.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants in an amount in excess of $75,000, together with court costs, interest and all other relief permitted by the Court.

## COUNT VIII
*Plaintiff vs. All Defendants*
**Survival Action – Negligent Misrepresentation**

61.   All preceding paragraphs of this complaint are incorporated herein by reference.

62.   At all relevant times, defendants represented to plaintiff and decedent that the subject ATV was safe to use as a recreational or off-road vehicle, knowing that the product was defective, hazardous and capable of causing the injuries and death described herein.

63.   Defendants made the aforesaid representations with no reasonable grounds for believing them to be true when a multitude of data showed the subject ATV to be defective and dangerous when used in its intended manner.

64.   The aforesaid representations were made to plaintiff and decedent prior to the date the product was purchased and used, with the intent that plaintiff and decedent rely upon such misrepresentations about the safety of the subject ATV.

65.   Plaintiff and decedent did reasonably rely upon such misrepresentations about the safety of the subject ATV.

66.   The representations defendants made to plaintiff and decedent were false, and thereby caused the injuries and damages to plaintiff and her decedent as described above.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants in an amount in excess of $75,000, together with court costs, interest and all other relief permitted by the Court.

## COUNT IX
*Plaintiff vs. All Defendants*
**Survival Action – Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law**

67.   All preceding paragraphs of this complaint are incorporated herein by reference.

68. By reason of the conduct as alleged herein, defendants violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1, *et seq.*, by engaging in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding.

69. Defendants knowingly and intentionally induced decedent's stepfather to purchase the subject ATV through the use of false and/or misleading advertising, representations and statements.

70. The subject ATV failed to perform as represented and advertised by defendants, and in fact was unsafe.

71. Defendants induced decedent's stepfather, through the use of false and/or misleading advertising, representations and statements, as described above, to use the subject ATV as a recreational or off-road vehicle, which defendants manufactured, distributed and sold, all in violation of the UTPCPL which proscribes, among other things:

    a) Engaging in unfair trade practices as defined in the statute by making false and misleading oral and written statements that have the capacity, tendency or effect of deceiving or misleading consumers;

    b) Engaging in unfair trade practices as defined in the statute by making representations that its' ATV had an approval, characteristic, use or benefit which it did not have, including but not limited to statements concerning the health consequences of the use of the subject ATV;

    c) Engaging in unfair trade practices as defined in the statute by failing to state material facts, the omission of which deceive or tend to deceive, including but not limited to, facts relating to the health consequences of the use of the subject ATV; and

    d) Engaging in unfair trade practices as defined in the statute through deception, fraud, misrepresentation, and knowing concealment, suppression and omission of material facts with the intent that consumers rely upon the same in connection with the use and continued use of the subject ATV.

72. As a direct and proximate result of defendants' statutory violations, decedent's stepfather bought the subject ATV for use as a recreational or off-road vehicle, and he would not have done so had defendants not issued false and/or misleading advertising, representations and statements.

73. By reason of such violations and pursuant to the laws and regulations of this state, plaintiff is entitled to recover all of the monies paid for the products; to be compensated for the cost of medical care arising out of the use of subject ATV; together with any and all actual damages recoverable under the law including, but not limited to, past medical expenses, past wage loss, past pain, suffering, disability and emotional distress.

74. Defendants marketed to the public in a manner calculated to increase sales of the subject ATV and resultant profits from the product at the expense of, and in conscious disregard for, the life, health and safety of plaintiff, decedent, and other users and consumers, as safer and more effective alternative products existed.

75. Defendants' conduct was undertaken consciously, deliberately and with notice, which evinces a willful, wanton and conscious disregard for the rights, life, health and safety of the public, including plaintiff and decedent, who would be expected to be induced by defendants' conduct, to use the subject ATV leading to the rollover trauma and death of decedent.

76. As a direct and proximate result of the wrongful acts of defendants, plaintiff and decedent have suffered the injuries and damages as discussed above.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants in an amount in excess of $75,000, together with court costs, interest and all other relief permitted by the Court.

## COUNT X
*Plaintiff Jamie Nelson, Individually vs. All Defendants*
**Wrongful Death**

77. All preceding paragraphs of this complaint are incorporated herein by reference.

78. Decedent has left the following individuals who may have a right to recovery for his death under 42 Pa. C.S.A. § 8301:

    a) Jamie Nelson, mother, 727 Six Mile Road, Tiona, Warren County, Pennsylvania, 16352

79. During his lifetime, decedent did not commence any action for the injuries that caused his death and no other action has been filed to recover damages for the wrongful death of decedent.

80. At all relevant times, defendants conducted themselves in a wanton, willful, reckless, outrageous and negligent manner as set forth above.

81. Defendants and theirs representatives were manufacturers, designers, marketers, and/or distributors of the subject ATV. At all relevant times, defendants had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, research, examine, maintain, supply, provide proper warnings for, prepare for use and sell the subject ATV.

82. Defendants so negligently, carelessly and recklessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, marketed, researched and supplied the subject ATV, that it was dangerous, hazardous, defective and unsafe for the use and purpose for which it was intended.

83. Plaintiff's and decedent's injuries and damages were a direct and proximate result of defendants' defective product, and defendants' negligent, careless, wanton, willful, reckless and outrageous acts and omissions with respect to the subject ATV, in the following particulars:

    a)    In blatantly failing to use due care in designing, marketing and selling a defective product;

    b)    In failing to provide a ATV whose benefits outweigh the dangers;

    c)    In carelessly promoting, advertising and selling to the general public, the subject ATV as an adequate and safe recreational or off-road vehicle;

    d)    In carelessly soliciting and endorsing the use of the subject ATV as a recreational or off-road vehicle;

    e)    In failing to test its adequacy for off-road, recreational or general use;

    f)    In failing to properly warn or instruct purchasers of the product of the specific danger of suffocation related its use;

    g)    In failing to adequately test, examine or inspect the subject ATV when defendants knew, or should have known, that death could result from roll-overs;

    h)    In failing to comply with all applicable industry safety standards for ATVs or recreational vehicles; and

    i)    In misrepresenting to plaintiff that the subject ATV was safe and could be used as a recreational or off-road vehicle.

84.    As a direct and proximate result of defendants' conduct, plaintiff and decedent's estate suffered the following damages:

    a)    Medical expenses for services and supplies incidental to the treatment and subsequent death of decedent;

    b)    Funeral and estate expenses necessitated by decedent's death;

    c)    Loss and denial of support, income, services, assistance, guidance, counseling, consortium, care, attention, protection, advice, instruction, training, education and companionship of decedent over the time he was expected to live;

    d)    Loss of society and comfort, friendship, guidance, love and affection of decedent over the time he was expected to live;

    e)    Loss of decedent's services;

    f)    Expenses incurred in the administration of decedent's estate; and

    g)    Other losses and damages recoverable under 42 Pa. C.S.A. § 8301.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendants in an amount in excess of $75,000, together with court costs, interest and all other relief permitted by the Court.

Respectfully submitted,

_____
Peter D. Friday, Esquire
Pa I.D. # 48746
pfriday@fridaylaw.com

Jesse Drumm, Esquire
Pa I.D. # 319471
jdrumm@fridaylaw.com

FRIDAY & COX LLC
1405 McFarland Road
Pittsburgh, PA  15216
Telephone (412) 561-4290
Facsimile (412) 561-4291