# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE NELSON, individually and As Administratrix of the Estate of Dylan Fehlman, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-210 SPB/RAL |
| AMERICAN HONDA MOTOR CO., INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This action was received by the Clerk of Court on July 31, 2018, and was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Defendant filed a Motion for Summary Judgment (ECF No. 60) on October 13, 2020, Plaintiff filed her opposing brief (ECF No. 64) on November 13, 2020, and Honda filed a reply brief on December 4, 2020. Magistrate Judge Lanzillo held a hearing on April 15, 2021, on the summary judgment motion and additional motions directed to the foundational sufficiency of expert opinions. *See* ECF No. 77 (Minute Entry).

This case arises from the tragic death of Dylan Fehlman, a seventeen-year-old operator of an all-terrain vehicle manufactured by Defendant. Plaintiff is Dylan's mother and the administratrix of his estate. Dylan died from trauma stemming from an unwitnessed accident on the ATV, which was purchased in a private sale several years earlier as a used vehicle. He was found unresponsive underneath the overturned ATV on gravel near railroad tracks several hours

1

after leaving a friend's home. Experts have been employed to provide, among other things, the history of this model of ATV and its alleged design flaws, especially with respect to its stability and maneuverability.

On May 17, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that the motion be granted in part and denied in part. ECF No. 82. Defendant filed Objections to the Report and Recommendation arguing that 1) the post-sale duty to warn does not apply because this duty is narrow and inapplicable to the ATV and unwitnessed accident at issue; 2) there are no genuine issues of material fact precluding summary judgment on the strict liability design defect claim and on the negligence claim because Plaintiff's experts opined on causation without a factual basis; and 3) because the wrongful death claim is derivative, and the foregoing claims should not survive summary judgment scrutiny, the wrongful death claim should be dismissed. *See* ECF No. 84. Plaintiff filed her response to the objections, arguing that 1) the case cited by Defendant for its proposition the post-sale duty does not arise is inapposite and the issue of causation is more appropriately properly left for a jury; 2) Judge Lanzillo was correct in recommending that summary judgment should be denied on the design defect and negligence claims because the "battle of experts" raises genuine issues of material fact for the fact-finder at trial; and 3) because these claims remain, the wrongful death claim, which is a derivative claim, should not be dismissed. *See* ECF No. 85.

Judge Lanzillo's meticulous and well-reasoned opinion holds up on *de novo* review, and is adopted as the Opinion of the Court. *See, e.g., Rosario v. Westmoreland Cty.,* 2021 WL 2338847, at *1 (W.D. Pa. June 8, 2021) (citing 28 U.S.C. § 6636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3)). A few comments are added by the undersigned. First, although the law in Pennsylvania is unsettled, it appears that if it is established that a defect was known to Defendant

2

prior to the original sale of this ATV, and Defendant had access to sales records of its product, a post-sale duty to warn is applicable. *Walton v. Avco Corp.*, 610 A.2d 454, 459-60 (Pa. 1992); *see also Lynn ex rel. Lynn v. Yamaha Golf-Car Co.*, 894 F. Supp. 2d 606, 641 (W.D. Pa. 2012) (recognizing a post-sale duty to warn under Pennsylvania law where product was defective at time of sale and manufacturer came upon subsequent actual knowledge of the defect) (Hornak, J.).

Here, the Plaintiff has presented evidence that raises, at a minimum, a genuine issue of material fact whether Defendant knew of the dangers of its ATVs at the time of their production. *See, e.g.*, ECF No. 59-13, p. 14 (Kitzes Report). If Plaintiff does not establish the facts underpinning the duty at trial, on the other hand, Defendant may move for a directed verdict on the issue. *See, e.g., Willis v. BW IP International Inc.*, 2011 WL 1314337, at *1 n.1 (E.D. Pa. Aug. 29, 2011). And, even if unsuccessful there, the jury may still find that no duty arises. In any event, the post-sale duty to warn claim cannot be discarded on summary judgment.

Second, Defendant faults the Magistrate Judge for giving "full credit" to the reports and opinions of Plaintiff's experts. *See* ECF No. 84 , p. 13. Defendant argues that expert opinions are not evidence and should not be taken as such. The Court has no argument with that as a general premise. Nonetheless, experts provide history and facts uncovered during their research that may underpin a factual determination, including causation. *See, e.g., Newman v. City of Philadelphia*, 2020 WL 7640928, at *4 (E.D. Pa. Dec. 23, 2020) (finding Plaintiff's expert opinion to create a genuine issue of material fact). It is up to the jury, not the Court, to sort through those facts to not only determine which to believe to ascertain whether liability should attach, but also which expert opinion is credible to them to support any liability determination.

3

Thus, after *de novo* review of the complaint and documents in the case, together with the Report and Recommendation of the Magistrate Judge and objections thereto, the following order is entered:

AND NOW, this 28th day of June, 2021, IT IS HEREBY ORDERED that the Defendant's Motion for Summary Judgment (ECF No. 60) is GRANTED IN PART AND DENIED IN PART AS FOLLOWS:

1. The motion is GRANTED as to Count I of the Complaint but DENIED to the extent Count I states a post-sale duty to warn claim;

2. The motion is DENIED as to Count II and the claims stated therein will proceed to trial;

3. The motion is GRANTED as to the claims raised in Count III;

4. The motion is DENIED as to Count IV and the claims stated therein will proceed to trial;

5. The motion is GRANTED as to the claims raised in Count VII;

6. The motion is GRANTED as to Count VIII; and

7. The motions is DENIED as to Count X and the claims stated therein will proceed to trial.

IT IS FURTHER ORDERED that, based on a joint stipulation by the Parties, the claims brought at Counts V, VI, and IX of the Complaint are DISMISSED.

IT IS FURTHER ORDERED that a telephonic pre-trial status conference will be scheduled at the convenience of the Court via separate order.

AND, IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, submitted on May 17, 2021, (ECF No. 82) is hereby adopted as the Opinion of the Court.

/s/ Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge